UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARKANSAS OKLAHOMA GAS
CORPORATION                                                                                           PLAINTIFF

v.                                                   No. 2:21-CV-02073

BP ENERGY COMPANY                                                                                  DEFENDANT

**OPINION AND ORDER**

Before the Court are Plaintiff Arkansas Oklahoma Gas Corporation's ("AOG") motion in limine to exclude (Doc. 106) and Defendant BP Energy Company's ("BP") response in opposition (Doc. 109). As explained below, AOG's motion is GRANTED IN PART AND DENIED IN PART.

First, AOG asks the Court to exclude certain non-30(b)(6) deposition transcripts of Walt McCarter and Shannon Moudy that BP has designated for use at next week's bench trial. AOG notes that these witnesses will be testifying live during AOG's case in chief, and that under Federal Rule of Civil Procedure 32(a)(1)(C) and (a)(4) the non-30(b)(6) deposition transcripts of live witnesses may not be used at trial except for purposes of impeachment. BP does not dispute AOG's characterization of the law, but asks that this rule be applied equally to both parties, as AOG has also designated non-30(b)(6) deposition transcripts for live witnesses who will testify during BP's case in chief. The Court of course intends to enforce the Federal Rules. Non-30(b)(6) deposition transcripts will not be received into evidence for live witnesses, but the Court will permit their use for impeachment purposes.

Next, AOG identifies various lines of deposition testimony to which it objects on miscellaneous grounds including hearsay, lack of foundation, mischaracterization of prior testimony, etc. BP's response offers arguments as to why it believes the objected-to lines of

1

testimony are admissible. The Court will defer ruling on these objections unless and until it becomes necessary to reference an objected-to line of testimony during trial or in the Court's findings of fact and conclusions of law after the trial. In this way, the Court hopes to maximize judicial efficiency while also permitting its rulings on these objections to be informed, to whatever extent necessary, by as fully developed a record as possible.

IT IS THEREFORE ORDERED that Plaintiff Arkansas Oklahoma Gas Corporation's motion in limine to exclude (Doc. 106) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED on this 7th day of December, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE